UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE UPPER CRUST, LLC, ET AL.,<br>    Plaintiff,<br><br>v.<br><br>JORDAN TOBINS AND STEFANY TOBINS,<br>    Defendants. | C.A. NO. 16-11595-RGS |

# CHAPTER 7 TRUSTEE'S EMERGENCY MOTION TO STAY APPEAL OR IN THE ALTERNATIVE GRANT AN EXTENSION OF TIME TO FILE RESPONSE BRIEF

Mark G. DeGiacomo the Chapter 7 trustee (the "Trustee") of the estates of the Upper Crust, LLC, *et al.*[1] (collectively the "Debtors") hereby submits this Emergency Motion to Stay Defendants' Jordan and Stefany Tobins Appeal from Judgment Issued by the United States Bankruptcy Court for the District of Massachusetts (the "Motion to Stay"). Defendants' filed a Notice of Appeal on August 3, 2016 (the "Appeal") from the Bankruptcy Court's Memorandum and Order dated July 20, 2016 [Bankr. Ct. Docket Nos. 85 and 86] (the "Order") concerning the Defendants' Motion for Summary Judgment [Bankr. Ct. Docket No. 46] and Trustee's Motion for Partial Summary Judgment [Bankr. Ct. Docket No. 66]. The Defendants' Appeal is premature because (1) the Defendants' Motion for Reconsideration, which was filed with the

---

[1] The other Chapter 11 cases substantively consolidated with The Upper Crust, LLC (Case No. 12-18134) are The Upper Crust - Back Bay, LLC (Case No. 12-18135), The Upper Crust-Fenway, LLC (Case No. 12-18136), The Upper Crust-Harvard Square, LLC (Case No.12-18137), The Upper Crust-Hingham, LLC (Case No.12-18138), The Upper Crust-Lexington, LLC (Case No. 12-18139), The Upper Crust-State Street, LLC (Case No. 12-18140), The Upper Crust - South End, LLC (Case No. 12-18142), The Upper Crust - Pennsylvania Avenue, LLC (Case No. 12-18143), The Upper Crust – D.C., LLC (Case No. 12-18148), The Upper Crust - Waltham, LLC (Case No. 12-18144), The Upper Crust-Watertown, LLC (Case No. 12-18145), The Upper Crust-Wellesley, LLC (Case No. 12-18146), and JJB Hanson Management, Inc. (Case No. 12-18147).

7292772v2

Bankruptcy Court two days before the Defendants filed the Notice of Appeal, is pending before the Bankruptcy Court, and the allowance of the Motion for Reconsideration would make this Appeal moot; and (2) the Motion for Reconsideration raises a jurisdictional question concerning the Bankruptcy Court's authority to enter a final order, if the Bankruptcy Court agrees with that position, this Appeal would be moot (a copy of the Motion for Reconsideration is attached hereto as Exhibit A). In light of the foregoing and for all the reasons advanced herein, this Court should grant the Motion to Stay pending the Bankruptcy Court's ruling on the Motion for Reconsideration.

### Relevant Facts

1. On August 13, 2014, the Trustee filed an Adversary Complaint (the "Complaint") seeking to recover property fraudulently transferred from the Debtors to the Defendants.

2. On December 18, 2015, the Defendants filed a Motion for Summary Judgment (the "Summary Judgment Motion") concerning all claims raised by the Trustee in the Complaint.

3. On January 29, 2016, the Trustee filed an opposition to the Summary Judgment Motion (the "Summary Judgment Opposition").

4. On April 28, 2016, the Trustee filed a Motion for Partial Summary Judgment which sought judgment on the applicability of a release contained within a pre-bankruptcy settlement agreement and the Trustee's counter-claims (the "Partial Summary Judgment Motion"). On April 25, 2016 the Defendants filed an opposition to the Partial Summary Judgment Motion and a cross-motion for summary judgment (the "Cross-Motion for Summary Judgment"). On July 1, 2016, the Trustee filed a reply and opposition to the Cross-Motion for Summary Judgment.

5. On July 20, 2016, the Bankruptcy Court issued an Order and Memorandum (the "Order") denying the Defendants' Summary Judgment Motion and their Cross-Motion for Summary Judgment and granting the Trustee's Partial Summary Judgment Motion.

6. On August 1, 2016, the Defendants filed the Motion for Reconsideration of the Order.

7. Two days later, on August 3, 2016, the Defendants filed a Notice of Appeal with the Bankruptcy Court, electing that the matter be heard by this Court.

8. On August 25, 2016, the Defendants filed their brief with this Court. The Trustee's brief is due on September 8, 2016.

9. On August 31, 2016, the Trustee filed an opposition to the Defendants' Motion for Reconsideration (the "Opposition to Motion for Reconsideration") (a copy of which is attached hereto as Exhibit B).

10. A decision concerning the Motion for Reconsideration has yet to be issued by the Bankruptcy Court.

**Defendants' Appeal Should be Stayed Pending the Bankruptcy Court's Determination of Defendants' Motion For Reconsideration**

This Court should stay the Appeal pending the Bankruptcy Court's ruling on the Motion for Reconsideration. The Defendants' Appeal is premature. As referenced above, the Defendants filed the Motion for Reconsideration on August 1, 2016, two days before they filed the Notice of Appeal. On August 31, 2016, the Trustee timely filed his Opposition to Motion for Reconsideration. The Bankruptcy Court has yet to rule on the Motion for Reconsideration. Although the Trustee is of the opinion that the Motion for Reconsideration should be denied, if it is allowed this appeal would be moot. It would be an unnecessary waste of judicial and bankruptcy estate resources to continue with this Appeal while the Motion for Reconsideration is

pending before the Bankruptcy Court. Therefore, this Court should stay the appeal pending the Bankruptcy Court's ruling regarding the issues raised by the Motion for Reconsideration.

### **Defendants' Motion For Reconsideration Raises Jurisdictional Issues Which Could Render the Defendants' Appeal Moot**

The Defendants' Motion for Reconsideration raises an issue concerning the Bankruptcy Court's jurisdiction to enter a final order in connection with the Summary Judgment Motion, the Cross-Motion for Summary Judgment, and the Partial Summary Judgment Motion. While the Trustee maintains that the Defendants' raising of this issue through the Motion for Reconsideration was improper, if the Bankruptcy Court were to rule on the issue, and determine that it did not have jurisdiction to enter a final order, then the Defendants' Appeal would be moot. There simply would be no order from which the Defendants could appeal. Pursuant to 28 U.S.C. § 157(c)(1) and LR 206, the Bankruptcy Court would need to issue the Order as proposed findings of fact and rulings of law for consideration by the District Court.

Prior to filing this Motion to Stay, Counsel for the Trustee attempted to contact counsel for the Defendants seeking their assent to the stay requested herein, but he did not receive a response.

### **CONCLUSION**

For the reasons set forth herein, Mark G. DeGiacomo, the Chapter 7 Trustee, respectfully requests that this Court grant his Motion to Stay pending the Bankruptcy Court's ruling on the Motion for Reconsideration. Alternatively, in the event that the Court is not inclined to stay the Appeal, the Trustee requests an extension to September 22, 2016 to file his brief.

7292772v2

**Plaintiff Mark G. DeGiacomo,
Chapter 7 Trustee of the Upper Crust,
LLC, et al.**

By His Attorneys,

*/s/ Anthony R. Leone*
Ryan M. MacDonald, BBO #654688
rmacdonald@murthalaw.com
Anthony R. Leone, BBO #681760
aleone@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone:  617.457.4000
Facsimile:  617.482.3868

Dated:  September 2, 2016

## CERTIFICATE OF SERVICE

I, Anthony R. Leone, hereby certify that on the 2nd day of September 2016, a copy of the *Chapter 7 Trustee's Emergency Motion to Stay Appeal Or In the Alternative Grant An Extension of Time to File Response Brief* was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Anthony R. Leone*

5